UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

          Plaintiff,

v.                                             Case No. 21-cv-153-pp

ROBERT AHLBORG,

          Defendant.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 12) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

On May 23, 2022, the court screened Timothy Durley's 42 U.S.C. §1983 complaint (which he had written himself, without the assistance of a lawyer), determined that it failed to state a claim and ordered that if he wanted to proceed with the case, then by June 24, 2022, the plaintiff must file an amended complaint. Dkt. No. 11. The court also denied the plaintiff's motion to consolidate (Dkt. No. 8). Id. at 8–10. On June 2, 2022, the court received the plaintiff's amended complaint. Dkt. No. 12. This decision screens, and dismisses, the amended complaint.

**I.    Screening the Amended Complaint**

    A.    <u>Federal Screening Standard</u>

As explained in the previous order, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

2
Case 2:21-cv-00153-PP    Filed 07/20/22    Page 2 of 8    Document 15

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The amended complaint, like the original complaint, names as the sole defendant registered nurse Robert Ahlborg. Dkt. No. 12 at 1–2. But unlike the original complaint, the amended complaint sues Ahlborg in his individual capacity only. Id. at 4–5.

The amended complaint concerns the same event described in the original complaint. It alleges that on December 18, 2020, while the plaintiff was in restricted housing at Waupun Correctional Institution, prison staff "chemically sprayed" Jovan Mull—the person housed next to the plaintiff. Id. at 2. The plaintiff alleges that he was coughing and wheezing and experiencing tightness in his chest "due to the chemical spray." Id. Ahlborg stopped at the plaintiff's cell, and the plaintiff made Ahlborg aware that he was wheezing, having tightness in his chest and coughing due to the chemical spray used on Mull, "despite [the plaintiff] using [his] albuterol inhaler which didn't work." Id. at 2–3. The plaintiff alleges that there were numerous times in the past that Ahlborg had given him nebulizer treatments for his asthmatic needs— sometimes without the plaintiff even asking for it. Id. at 3.

The plaintiff alleges that Ahlborg told the plaintiff that when he was "done assisting staff with 'Mull' who was chemically sprayed 2 times he [would] have [the plaintiff] pull out for a nebulizer treatment." Id. The plaintiff alleges, however, that Ahlborg did not return to "pull [the plaintiff] out" for nebulizer

treatment or to assess his asthma "as he [had] done in the pas[]t on num[]erous occasions, when inmates w[ere] chemically sprayed, or when [the plaintiff] was having trouble breathing." Id. The plaintiff says prison policy required Ahlborg to remove the plaintiff from his cell, assess his asthma and treat him as needed. Id. He asserts Ahlborg was aware of the plaintiff's asthma because, as noted, he had provided the plaintiff nebulizer treatment many times in the past. Id.

The plaintiff says that he is suing Ahlborg for violating his Eighth Amendment rights because Ahlborg failed to provide him adequate medical care. Id. at 4. He asserts that the chemical spray in his lungs affected his daily activities and gave him trouble sleeping, as well as tightness in his chest and wheezing. Id. The plaintiff seeks compensatory and punitive damages against Ahlborg for failing to treat his asthma on December 18, 2020. Id. at 4–5.

  C. Analysis

As the court explained in the previous order, the plaintiff's claim arises under the Eighth Amendment, which prohibits cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim has both an objective and a subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm." Id. To satisfy the subjective component, the plaintiff must demonstrate that the person he is suing acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." Id. A prison official shows

4
Case 2:21-cv-00153-PP   Filed 07/20/22   Page 4 of 8   Document 15

deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837). In other words, the plaintiff must show that the official *intentionally* mistreated him. See Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005).

The court concluded that the original complaint failed to state an Eighth Amendment claim because it did not allege that "Ahlborg *intentionally* refused to treat the plaintiff." Dkt. No. 11 at 6. The court noted that the original complaint alleged that Ahlborg later documented the plaintiff's request for treatment in the plaintiff's medical chart. Id. at 7. That Ahlborg acknowledged the plaintiff's request for treatment suggested he did not deliberately disregard the plaintiff and that he may have forgotten about the plaintiff's request for treatment, which would show only that he acted negligently. Id. at 6–7. Because "negligence is not enough to support an Eighth Amendment claim," the court could not conclude that the complaint stated a plausible claim for relief under the Eighth Amendment. Id. (citing Farmer, 511 U.S. at 835–36, and Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001)). In the order allowing the plaintiff to file an amended complaint, the court advised the plaintiff to "explain why he believes that Ahlborg knew that the plaintiff was a severe asthmatic and why he believes that Ahlborg deliberately refused to provide him with a nebulizer treatment, as opposed to forgetting because he was caught up in other duties." Id. at 8.

The amended complaint does not provide sufficient additional information about the plaintiff's claim. It alleges that Ahlborg knew the plaintiff was asthmatic because Ahlborg had treated the plaintiff on several previous occasions; that is one of the things the court asked the plaintiff to include in the amended complaint. But the amended complaint still does not provide information indicating whether Ahlborg acted deliberately or negligently in failing to provide treatment. The plaintiff's allegations that Ahlborg knew the plaintiff was asthmatic and that he had provided the plaintiff nebulizer treatment several times in the past (even without the plaintiff requesting it) implies that on this one occasion, Ahlborg forgot about the plaintiff's request in the process of helping other staff address the situation with Mull. That suggests that Ahlborg was negligent in failing to provide the plaintiff nebulizer treatment on December 18, 2020, and as the court explained in the prior order, negligence does not violate the Eighth Amendment. See Farmer, 511 U.S. at 835–36; see also Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996) ("[A] defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.").

The amended complaint also alleges that Ahlborg violated policy of the Division of Adult Institutions relating to nursing protocol when he failed to provide the plaintiff with the nebulizer. Dkt. No. 12 at 3. Section 1983 protects against only *constitutional* violations; it does not protect against violations of departmental practices or policies. See Estate of Simpson v. Gorbett, 863 F.3d

740, 746 (7th Cir. 2017) (citing Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003)). The failure to follow prison policy, without more, does not state a claim for an Eighth Amendment violation.

Because the amended complaint fails to state a claim for deliberate indifference to the plaintiff's serious medical need, the court will dismiss it.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).[1]

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

---

[1] This is the plaintiff's second strike. See Durley v. Tritt, *et al.*, Case No. 21-cv-281-pp (judgment entered April 27, 2021).

Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 20th day of July, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**