UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                Plaintiff,

v.                                                  Case No. 21-cv-153-pp

ROBERT AHLBORG,

                Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT (DKT. NO. 17)**

On May 23, 2022, the court dismissed plaintiff Timothy Durley's complaint filed under 42 U.S.C. §1983. Dkt. No. 11. The court found that the plaintiff had not stated an Eighth Amendment claim against defendant Robert Ahlborg, whom the plaintiff alleged failed to provide him nebulizer treatment after another incarcerated person was sprayed with a chemical agent on December 18, 2020. Id. at 6–7. The court explained that the plaintiff had not alleged "that Ahlborg *intentionally* refused to treat the plaintiff"; his allegations suggested that Ahlborg may have simply *forgotten* about the plaintiff's medical issue. Id. The court gave the plaintiff an opportunity to file an amended complaint to provide additional detail for his claim against Ahlborg. Id. at 7. The court advised the plaintiff to explain "why he believes that Ahlborg knew that the plaintiff was a severe asthmatic and why he believes that Ahlborg deliberately refused to provide him with a nebulizer treatment, as opposed to forgetting because he was caught up in other duties." Id. at 8.

On June 2, 2022, the court received the amended complaint. Dkt. No. 12. The court screened the amended complaint and dismissed it because it failed to "provide sufficient additional information about the plaintiff's claim." Dkt. No. 15 at 6. The court noted that the plaintiff newly alleged that Ahlborg knew he was asthmatic. Id. But the amended complaint still failed to "provide information indicating whether Ahlborg acted deliberately or negligently in failing to provide treatment." Id. The court explained that the plaintiff's allegations about Ahlborg's past treatment of his asthma suggested he was at most "negligent in failing to provide the plaintiff nebulizer treatment on December 18, 2020." Id. Because negligence does not violate the Eighth Amendment, the amended complaint failed to state a claim against Ahlborg. Id. The court dismissed the case and issued a strike under 28 U.S.C. §1915(g) because the amended complaint failed to state a claim. Id. at 7.

On August 1, 2022, the court received from the plaintiff a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 17. The plaintiff attached various exhibits, dkt. no. 17-1, and filed a brief and declaration in support of his motion, dkt. nos. 18 and 19. The plaintiff's declaration reiterates the allegations in his complaint and amended complaint. The plaintiff's brief in support of his motion also begins by reiterating those same facts. Dkt. No. 18 at 1–2. He alleges, as he did previously, that Ahlborg failed to provide him nebulizer treatment after another incarcerated person was chemically sprayed. Id. at 2. He also says that after Ahlborg walked away, the plaintiff "pressed [his] emergency button in cell to inform staff, which they

2
Case 2:21-cv-00153-PP   Filed 09/27/22   Page 2 of 7   Document 20

replied back after 7–12 second's [*sic*] stating 'he[']s' aware." Id. The plaintiff did not include that allegation in the complaint or the amended complaint.

The plaintiff asserts that the Seventh Circuit has concluded that asthma "can be and frequently is a serious medical condition" for purposes of an Eighth Amendment claim. Id. He reiterates that Ahlborg was aware of his past asthma treatment and had treated him in the past by providing him a nebulizer. Id. at 3. He alleges that Ahlborg lied to his manager and told her that the plaintiff "never told him [he] need[s] to be assess[ed] for [his] asthma." Id. at 4. The plaintiff cites one of the exhibits he included with his motion, which is a nursing narrative note Ahlborg wrote about the December 18, 2020 incident. Id. (citing Dkt. No. 17-1 at 1). The note says that Ahlborg

> responded to an emergency . . . and went past [the plaintiff's] cell. At that time [the plaintiff] asked the writer for a nebulizer treatment. He stated on [*sic*] a full sentence "nurse bob they used gas up here and I need a nebulizer treatment[.]" [Ahlborg] triaged his request until the emergency was stabilized when [he] returned to [the plaintiff's] cell front and explained to him he had a rescue inhaler and a steroid inhaler but no order for a nebulizer treatment. As [Ahlborg] spoke to him his respirations were regular and unlabored, he continued to speak in full sentences the entire conversation.

Dkt. No. 17-1 at 1. The plaintiff did not include that note or any of this information in his complaints. The plaintiff also included a different nursing narrative note that Ahlborg wrote on August 18, 2020. Id. at 4. This note says simply, "Nebulizer treatment done." Id.

The plaintiff asserts the court should allow him to proceed in this case because he "made [Ahlborg] aware of an inmate being chemically sprayed an[d] how it was affecting [his] asthma, despite [his] inhalers not work[ing]." Dkt. No.

3

18 at 4. The plaintiff says the court should amend the judgment to address "errors of law by the court, or inadvertent errors such as omissions of matters that the court obviously intended to include." Id. at 5.

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. The court may grant a Rule 59(e) motion only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Evidence that is newly *presented*, but not *new*, is not a proper ground for altering the judgment. See Bordelon, 233 F.3d at 529 (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)) (explaining that Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment").

The plaintiff has provided several new exhibits and allegations about his claim against Ahlborg. He says the court should amend the judgment to address "errors of law by the court, or inadvertent errors such as omissions of matters that the court obviously intended to include." Dkt. No. 17 at 5. But

omission of these exhibits and allegations was *the plaintiff's error,* not the court's. Although he was not obligated to attach exhibits to his complaint, it was his responsibility to include all allegations related to his claim that he wanted the court to consider. The court advised the plaintiff of this responsibility when it dismissed his original complaint and gave him an opportunity to amend his complaint. Dkt. No. 11 at 7–8. The plaintiff's failure to include all information relevant to his complaint is not a reason to alter the judgment and allow him to proceed in this case.

Even if the court were to consider the plaintiff's newly presented exhibits and allegations, they would not provide a basis for amending or altering the judgment. The plaintiff alleges—for the first time—that after Ahlborg left his cell, the plaintiff pressed his emergency call button to inform staff of his breathing issues. He says staff told him that Ahlborg was "aware" of his concern but that Ahlborg never returned to provide him nebulizer treatment. Dkt. No. 17 at 2. He also newly alleges that he told Ahlborg that neither of the two inhalers he had in his cell were working to provide him relief from his breathing difficulties. The plaintiff's amended complaint did allege that his "albuterol inhaler . . . didn[']t work, due to the chemical spray." Dkt. No. 12 at 3. But he said nothing about his other inhaler, and that allegation did not make clear whether he told Ahlborg that one or both of his inhalers were not helping his asthma.

Nor did the plaintiff include the December 18, 2020 nursing note with either complaint, and he does not say whether he only recently obtained these

5

notes. Even if this document was "newly discovered," it does not help the plaintiff's claim. Instead, the note *confirms* that Ahlborg did not ignore the plaintiff or disregard his medical needs on December 18, 2020. The note says that Ahlborg returned to the plaintiff's cell after dealing with the emergency elsewhere in the prison. That contradicts the plaintiff's allegations in his complaints that Ahlborg *did not* return to his cell. The nursing note says that Ahlborg assessed the plaintiff's condition and determined that "his respirations were regular and unlabored," and he had no difficulty speaking in full sentences. Dkt. No. 17-1 at 1. Ahlborg then explained to the plaintiff that he did not have an order for nebulizer treatment. This note shows that Ahlborg assessed the plaintiff's condition and made a professional decision that the plaintiff did not require immediate nebulizer treatment. That is not deliberate indifference. See Zaya v. Sood, 836 F.3d 800, 805 (7th Cir. 2016) ("By definition a treatment decision that's based on professional judgment cannot evince deliberate indifference because professional judgment implies a choice of what the defendant believed to be the best course of treatment."). The note also shows that, even though Ahlborg had provided the plaintiff nebulizer treatment in the past, the plaintiff did not have an order for that treatment as of December 18, 2020. That contradicts the plaintiff's allegations that Ahlborg violated his rights by depriving him of prescribed medical treatment.

The plaintiff's motion shows that he failed to present all the allegations related to his claim in his complaint, even after the court gave him an opportunity to amend his complaint and instructed him to provide more

6

information. The court will not set aside its judgment and reopen this case to allow the plaintiff to present new facts he could have, and should have, alleged in his original or amended complaint, especially when those facts do not cure the deficiencies in the complaints and serve to defeat his purported claim against Ahlborg by showing that Ahlborg did not disregard the plaintiff's medical condition or fail to provide necessary medical treatment. The plaintiff has not demonstrated that the court committed a manifest error of law or fact in its previous orders. He is not entitled to relief under Rule 59(e).

The court **DENIES** the plaintiff's motion to alter or amend the judgment. Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 27th day of September, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

7
Case 2:21-cv-00153-PP   Filed 09/27/22   Page 7 of 7   Document 20