UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                 Plaintiff,

v.                                                                     Case No. 21-cv-153-pp

ROBERT AHLBORG,

                 Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 21)**

On September 27, 2022, the court denied the plaintiff's motion to alter or amend the judgment dismissing his case for failure to state a claim. Dkt. No. 20. The court explained that the plaintiff's "failure to include all information relevant to his complaint" did not provide an adequate basis for reopening the case, and even if it had, the new information the plaintiff sought to add did not cure the deficiencies in his amended complaint. Id. at 5–7.

On December 22, 2022—nearly three months later—the court received from the plaintiff a second post-judgment motion, this time for asking for relief from the judgment under Federal Rule of Civil Procedure 60. Dkt. No. 21. In the brief in support of the motion, the plaintiff restates the allegations from his complaint and notes the court's reasoning in denying his previous motion—that he failed to include the new information in his original or amended complaint. Dkt. No. 22 at 1–2. He says that he "suffers from psychological damages inflicted upon him from being in solitary confinement." Id. at 2. He

cites articles and case law discussing the potential effects of solitary confinement, including sending incarcerated persons "into a semi fatucos [*sic*] condition, from which it was next to impossible to arouse them and others became violently insane: others still comitted [*sic*] suicide." Id. at 2–3. He says he "suffers from thinking, concentrating and memory due to his solitary confinement," in which he says he has been incarcerated ninety-seven to ninety-eight percent of the time since April 2018. Id. at 4. The plaintiff reiterates his allegations about his asthmatic condition and the defendant's actions that he says constituted deliberate indifference to his asthmatic needs and violated his rights. Id. at 5–7.

The plaintiff also filed a declaration again reiterating the allegations from his complaint. Dkt. No. 23. He attached several exhibits, including requests he sent to the Health Services Unit, a psychiatric report from June 2002, nursing progress notes from 2020 and reports from institutional complaints he filed about the treatment of his asthma. Dkt. No. 23-2. None of these exhibits were included with his complaint or amended complaint.

The plaintiff cites Fed. R. Civ. P. 60(a) as the basis for his motion. Dkt. No. 21. But the reasons he gives for his motion are the reasons listed in Rule 60(*b*). The court presumes the plaintiff meant to bring his motion under Rule 60(b), which provides that the court may relieve a party from a final judgment, order, or proceeding for several reasons including 1) "mistake, inadvertence, surprise, or excusable neglect;" 2) newly discovered evidence; 3)

fraud, misrepresentation, or misconduct by an opposing party; or 6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(3) & (6).

A motion under Rule 60(b) is not "'a substitute for an appeal.'" Leiser v. Cromwell, No. 21-cv-405, 2021 WL 5927512, at *2 (E.D. Wis. Nov. 29, 2021) (quoting Inryco, Inc. v. Metro. Eng'g Co., 708 F.2d 1225, 1230 (7th Cir. 1983)). Relief under any subsection of Rule 60(b) "is an extraordinary remedy" that the court may grant "only in exceptional circumstances." Rodriguez v. Plymouth Ambulance Serv., No. 06-cv-1091, 2007 WL 9730284, at *1 (E.D. Wis. Jan. 8, 2007) (citing Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006), and Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).

The plaintiff's motion does not satisfy this standard and does not provide circumstances warranting relief from the judgment under any subsection of Rule 60. The plaintiff asserts that he has psychological issues from being in restricted housing that prevented him from filing all relevant information in his complaint. The court has no doubt that the conditions in the restricted housing unit are difficult, stressful and damaging to incarcerated persons. But the plaintiff's assertion that it has rendered him unable to litigate his case is belied by his litigation history with this court. The plaintiff has been a prolific litigator during his incarceration. He has flooded this court with litigation, filing thirteen civil-rights cases and a petition for a writ of *habeas corpus* since December 2020. In each of those cases, he has filed numerous motions, requests and notices. The plaintiff's claim that he has mental issues affecting his ability to write, think or litigate these lawsuits or to include all relevant and

3

necessary information related to a specific lawsuit does not comport with his litigation history. The court does not doubt the plaintiff's claims that he suffers from psychological issues, but those issues have in no way prevented him from filing many lawsuits and many documents, or from giving the court information in support of his claims.

The plaintiff's motion also cuts against his assertion that he cannot prepare proper court filings. Over the eight pages of his motion, he cites articles and cases from the Fifth and Seventh Circuits and the U.S. Supreme Court in support of his request for relief from the judgment. This shows that he was able to research and analyze case law. He also cites the forty pages of exhibits he filed in support of his motion, stretching over the last twenty years. This is his *second* post-judgment motion in this case. The first post-judgment motion also included a brief, declaration and exhibits. Dkt. Nos. 17–19. That the plaintiff was able to collect, prepare and file this abundance of information in support of two post-judgment motions contradicts his claim that he has personal, psychological or situational difficulties that hindered his ability to comply with the court's order and include all relevant and necessary information in his complaint or amended complaint.

The plaintiff has not complied with the court's order to file an amended complaint that included all information relevant to his claim under §1983. The court dismissed the case because the plaintiff's amended complaint did not state a claim. Rather than appealing the court's dismissal of his complaint, the plaintiff has filed two post-judgment motions reiterating his arguments and

4

presenting evidence that he did not provide the court when his case was open. The plaintiff's motion for relief from the judgment does not provide a basis for the court to reconsider its conclusions, vacate the judgment and reopen this case.

The court **DENIES** the plaintiff's motion for relief from the judgment. Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 8th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

5
Case 2:21-cv-00153-PP   Filed 06/08/23   Page 5 of 5   Document 25